IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DERRICK C. ROBINSON, # R-47000,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-00017-MJR |
| ) | |
| **DR. FAHIM, GAIL WALLS,** ) | |
| **and SALVADOR GODINEZ,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a thirty-two year sentence for murder. His claims arose during his incarceration at Menard. Plaintiff claims that the three defendants, i.e., Dr. Fahim (Menard's chief physician), Gail Walls (Menard's medical director), and Salvador Godinez (Illinois Department of Corrections director), violated his constitutional rights by denying him adequate medical treatment for his fractured right hand (Doc. 1, pp. 4-6). Plaintiff seeks compensatory and punitive damages (Doc. 1, p. 7).

Specifically, Plaintiff alleges that in June 2011, he injured his right hand after falling in his cell (Doc. 1, p. 4). Plaintiff did not see medical staff until the following day, when Dr. Fahim x-rayed Plaintiff's hand and diagnosed him with a serious fracture. The same day, Dr. Fahim placed a cast on Plaintiff's hand and recommended that it remain there for three weeks. Plaintiff asked Dr. Fahim, in person and in writing, for pain medication. Dr. Fahim initially agreed to have a nurse deliver medication to Plaintiff's cell, but no one ever did. Dr. Fahim did not respond to Plaintiff's subsequent written requests for pain medication. *Id.*

1

In July 2011, a second x-ray of Plaintiff's hand revealed that it was not fully healed (Doc. 1, p. 5). Dr. Fahim decided to leave the cast on "a few more days." *Id.* A week passed without medical staff removing Plaintiff's cast. Plaintiff submitted four letters to Dr. Fahim, explaining that the cast was getting tight, causing numbness, and causing extreme pain. According to Exhibit A, which was filed with the complaint, Plaintiff removed his own cast eight days after his second x-ray (Doc. 1, p. 11). Plaintiff claims that a delay in treatment caused him additional pain and permanent nerve damage (Doc. 1, p. 5). Plaintiff has sued Defendant Dr. Fahim for displaying deliberate indifference to his serious medical needs.

Plaintiff has sued Defendant Walls, Menard's medical director, for exhibiting deliberate indifference to Plaintiff's serious medical needs. Defendant Walls ignored several letters Plaintiff wrote to her complaining of his injury and untreated pain. Defendant Walls' inaction prolonged Plaintiff's pain and exacerbated his condition. *Id.* Finally, Plaintiff has sued Defendant Godinez, the Illinois Department of Corrections director, in his official capacity (Doc. 1, pp. 5-6). Plaintiff claims that Defendant Godinez took no action after receiving notification that Plaintiff's pain remained untreated (Doc. 1, p. 6).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

According to 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable Eighth Amendment claim against Defendants Dr. Fahim and Walls.

However, Plaintiff has failed to state an actionable claim against Defendant Godinez. Plaintiff cannot maintain his suit against the Illinois Department of Corrections because it is a state government agency. Plaintiff fares no better by naming the agency's director

as a defendant acting in his official capacity. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). There is no supervisory liability in a § 1983 action; thus to be held individually liable, a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

Plaintiff has not alleged facts which demonstrate that Defendant Godinez is "personally responsible for the deprivation of a constitutional right." *Id.* According to the exhibits submitted with Plaintiff's complaint, Defendant Godinez's involvement in this matter was limited to reviewing and approving two administrative review board responses to Plaintiff's grievances (Doc. 1, pp. 12-13). The first response, dated February 23, 2012, required Menard's medical director, a doctor, to review Plaintiff's claims (Doc. 1, p. 12). The second response, dated May 17, 2012, indicates that Plaintiff's requested relief (i.e., to see a doctor) was granted (Doc. 1, p. 13). Non-medical defendants, such as Defendant Godinez, can rely on the expertise of medical personnel. *See Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). "[I]f a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Id.* at 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). Accordingly, Defendant Godinez shall be dismissed without prejudice.

**Pending Motions**

Plaintiff has filed a motion to proceed in forma pauperis (Doc. 2). Along with this motion, Plaintiff submitted an affidavit stating that he has no employment, has received no income for the last twelve months beyond birthday and Christmas gifts in an unspecified amount, and has no assets or cash on hand. However, he has not tendered a certified copy of his inmate trust fund account statement. The Court has requested a trust fund statement for the six-month period immediately preceding the filing of this case from Menard, but to date has not received information sufficient to determine the amount of Plaintiff's initial partial payment. Based on Plaintiff's affidavit of indigence, the Court concludes that he is unable to pay in full the $350.00 filing fee in this case at this time, and therefore it is appropriate to permit him to proceed IFP in this case without full prepayment of the fee. At such time as the Court receives from the institution's Trust Fund Officer the certified copy of Plaintiff's trust fund account statement as requested, the Court will enter an order authorizing the Trust Fund Officer to deduct from Plaintiff's trust fund account the initial partial filing fee, and to forward the initial partial filing fee to the Clerk of Court. The order shall also direct subsequent payments to be made pursuant to § 1915 until the filing fee is paid in full. To conclude, Plaintiff's motion to proceed IFP in this case (Doc. 2) is **GRANTED**. The Clerk of Court is directed to send a copy of this Order to Plaintiff and to the Trust Fund Officer at Menard.

**Disposition**

**DEFENDANT GODINEZ** is **DISMISSED** from this action without prejudice. The Clerk of Court shall prepare for **DEFENDANTS FAHIM** and **WALLS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint,

and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all*

*parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  January 29, 2013**

<u>s/ MICHAEL J. REAGAN</u>
U.S. District Judge