IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DERRICK C. ROBINSON, | ) |
| | ) |
|               Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 13−cv−17−MJR−SCW |
| | ) |
| DR. FAHIM, | ) |
| | ) |
|               Defendant. | ) |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

This matter comes before the Court on Defendant Dr. Fahim's Motion for Sanctions against Plaintiff Derrick Robinson. (Doc. 38). This matter has been referred to the United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation. The Court originally held a hearing on this Motion on October 23, 2013, but due to technical difficulties, the hearing was continued until November 12, 2013.

Defendant is requesting monetary sanctions and dismissal because Plaintiff refused to answer questions at his properly noticed deposition. (Doc. 38). Defendant issued a notice of deposition on July 11, 2013 and scheduled the deposition for September 11, 2013. (Doc. 38). Plaintiff testified at the hearing that he received the notice and had every intention of answering the questions at his deposition. Defendant never received any informal objections from Plaintiff and no objections have been filed with the Court. (Doc. 38).

Previously, Plaintiff filed two motions seeking recruitment of counsel, which the Court has denied because Plaintiff did not present any evidence to the Court that he had made efforts on his own to recruit counsel. (Docs. 20, 25). That order, dated June 18, 2013, specifically directed

1

Plaintiff to contact at least three firms seeking representation, but to date, there is no evidence that Plaintiff has done so.  (Doc. 26).

On September 11, 2013, Plaintiff spent approximately 20-25 minutes answering counsel's questions at his deposition.  However, he then asked counsel for the Defendant if he would "get in trouble" if he stopped answering questions because he did not have an attorney present on his behalf.  (Pl.'s Dep. p. 21).  He went on to state that he would answer more questions if the judge appointed him an attorney.  (Pl.'s Dep. p. 22).  Eventually, Plaintiff summoned a guard to take him back to his cell without answering any more questions.  (Pl.'s Dep.).  At the hearing, Plaintiff gave two alternate explanations for his failure to answer questions.  He argued that he felt the questions were getting repetitive and that defense counsel was attempting to trick him.  He also argued that he had attempted to research the consequences of failing to answer deposition questions prior, but had been able to find the answer in the law library because he is not an attorney and because his law library hours are limited.

Pursuant to Federal Rule of Civil Procedure 30, "a party may, by oral examination depose any person, including a party." Additionally, the rules provide that "any objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition—must be noted on the record, but *the examination still proceeds*; the testimony is taken subject to any objection." **Fed. R. Civ. P. 30(c) (emphasis added)**.  The scope of a party's deposition is controlled by Rule 26, which permits a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." **Fed. R. Civ. P. 26(b)**.

Here, the undersigned finds that the questions defense counsel posed to the Plaintiff when Plaintiff terminated the depositions were proper and relevant pursuant to Rule 26(b).  There is no indication that defense counsel was attempting to trick Plaintiff.  Plaintiff never posed any objections, either prior to or during his deposition as to the questions himself.  Contrary to his

assertion that he had every intention of participating in the deposition, Plaintiff's testimony indicates that he was angry that the Court had not appointed him counsel. Additionally, Plaintiff claims he was ignorant of the law regarding depositions and whether he had to answer questions. But Plaintiff did not raise that argument until the hearing on November 12, 2013; it is absent from his written response. As it was not previously raised, and the relevant principles are in the Rules of Civil Procedure, which Plaintiff claims he attempted to consult, the undersigned finds this argument unavailing. Plaintiff had an obligation as a party to permit discovery into relevant matters. The rules specifically permit parties to conduct discovery via oral deposition. Therefore, Plaintiff had to participate in his deposition, which he failed to do. The Court further finds that monetary sanctions are appropriate pursuant to Fed. R. Civ. P. 37(a)(5)(A).

The undersigned therefore **RECOMMENDS** that Defendant's Motion for Sanctions (Doc. 38) be **GRANTED**, and that Plaintiff be ordered to pay attorney's fees in the amount of $1,012, and reimbursement for mileage in the amount of $70.06, for a total of $1,082.06 within thirty (30) days of the entry of an order as a sanction for his failure to participate in discovery. Should Plaintiff fail to make payment, the undersigned further recommends that this case be dismissed with prejudice. Should the District Court adopt this Report and Recommendation, and should Plaintiff pay the imposed sanction, the Court will allow Defendant to re-depose Plaintiff.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b)**, the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. ***See, e.g., Synder v. Nolen*, 380 F.ed 279, 284 (7th Cir. 2004)**. Accordingly, Objections to this Report and Recommendation must be filed on or before <u>**November 29, 2013**</u>.

**IT IS SO ORDERED**

**Date:** 11/12/2013                                              /s/ *Stephen C. Williams*
                                                                  Stephen C. Williams
                                                                  United States Magistrate Judge