IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DERRICK C. ROBINSON, | ) |
| | ) |
|         Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 13–cv–0017–MJR–SCW |
| | ) |
| DR. FAHIM, | ) |
| | ) |
|         Defendant. | ) |

# MEMORANDUM & ORDER

**REAGAN, District Judge:**

This § 1983 civil rights case stems from *pro se* Plaintiff Derrick Robinson's allegations that Dr. Fahim, the chief physician at Illinois' Menard Correctional Center, violated the Eighth Amendment via deliberate indifference to Robinson's injured hand. The case comes before the Court on Plaintiff's objection to a Report and Recommendation ("R&R") filed by Magistrate Judge Stephen C. Williams.

After Defendant issued notice, Plaintiff's deposition was set for September 11, 2013. During the deposition, it is undisputed Plaintiff left after only 20–25 minutes of questioning. Defendant moved for "sanctions,"[1] and Judge Williams held a hearing on the matter in October and November 2013.[2] Judge Williams recommended Defendant's Motion for Sanctions (Doc. 38) be granted, and that Plaintiff pay for Defendant's deposition-related fees and costs (to the tune of $1,082.06), lest his case be dismissed with prejudice. (Doc. 59, 3).

---

[1] As explained below, Defendant's motion is really one to compel deposition responses by Plaintiff, but the end result is the same: he must pay for the cost of the aborted deposition before the case proceeds.
[2] The hearing was postponed due to technical difficulties.

1

## ANALYSIS

When a party makes a specific objection to a magistrate judge's R&R, the district court must conduct *de novo* review of the portions of the R&R to which objection is made. **28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); SDIL–LR 73.1(b).** A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." **28 U.S.C. § 636(b)(1).**

Judge Williams relied on Federal Rule of Civil Procedure 37(a)(5)(A) in assessing a monetary penalty against Plaintiff. In pertinent part, that Rule provides "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion [to compel] … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." **Fed. R. Civ. P. 37(a)(5)(A).** The hearing before Judge Williams gave Plaintiff an opportunity to be heard on the matter, and the undersigned finds (and Plaintiff has not disputed) that counsel's actions at the deposition were a good faith attempt to obtain responses from Plaintiff before calling upon the resources of the court. *See* **Fed. R. Civ. P. 37(a)(5)(A)(i).**

While Defendant asks for "sanctions," his motion is essentially one to compel Plaintiff to answer deposition questions. It is clear from Plaintiff's deposition that he ceased answering questions in no small part because he has not been recruited counsel for this case: "If the judge sees fit to give me an attorney… I will be more than happy to answer any questions with an attorney that the judge appoints me." (Doc. 38-2, 7). It is equally clear that (as Judge Williams found) defense counsel's deposition questions were proper and relevant, and that (rather than boycotting the rest of his deposition) Plaintiff should have answered them (and if he had any objections, lodge them). *See* **Fed. R. Civ. P. 30(c).** Plaintiff attempts to show that certain parts of earlier orders declining to recruit counsel for him were erroneous, but Judge Williams' R&R does not hinge on Plaintiff's *pro se* status—it hinges on his failure to comport with mandatory procedural rules. *See Pearle Vision,*

*Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (while "courts are required to give liberal construction to pro se pleadings…, it is well established that pro se litigants are not excused from compliance with procedural rules.") (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993) (Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")).

The undersigned agrees with Judge Williams: assessing a monetary penalty against Plaintiff is warranted here. Should Plaintiff fail to pay those sanctions, dismissal with prejudice (as Judge Williams recommends) will be effectuated via Rule 41(b).

## CONCLUSION

In his objection, Plaintiff apologizes for "wasting [defense counsel's] valuable time at the deposition." (Doc. 61, 2). The undersigned has no reason to doubt Plaintiff's sincerity, but the apology does not avail him here: Plaintiff's violation of the Rules means that he must pay for that "valuable time." Plaintiff's Objection (Doc. 61) is OVERRULED, Judge Williams' R&R (Doc. 59) is ADOPTED, and Defendant's Motion for Sanctions (construed as a motion to compel) (Doc. 38) is GRANTED.

Plaintiff SHALL, within thirty (30) days of entry of this order, pay attorney's fees and mileage reimbursement to the tune of **$1,082.06**. Should payment be made, the Court will allow Defendant to re-depose Plaintiff. Should Plaintiff fail to pay the sanctions, his case will be dismissed with prejudice. The case is STAYED until payment is made.

IT IS SO ORDERED.

DATE: <u>January 16, 2014</u>     s/ *Michael J. Reagan*
                                **MICHAEL J. REAGAN**
                                United States District Judge